Kent, J.
On the argument for a new trial, in this cause, on behalf of the defendant, it was contended, that the lessor of the plaintiff ought not to recover. 1st. Because the lease from' Holland to M’Mechan amounted to a disseisin of Lowrens I. Van Alen, and destroyed his capacity to devise^
2d. That the second lease from Holland to M’Meehan, was still subsisting at the commencement of the suit, and was a 'legal impediment to the recovery.
3d. That the defendant, at all events, was to be deemed a tenant from year to year, and so entitled to six months’ notice to quit.
To constitute an actual disseisin or one in fact, there must be a tortious entry, and an expulsion. [1 Burr. 79. 1 Salk. 246.] No such fact appears, or was-pretended, in the present case,, nor was here a disseisin admitted by election. The distinction between a disseisin by election, as contradistinguished from a disseisin in fact, was taken for the benefit of the owner of the land, ¡and to extend to him the easy and desirable remedy by assize, instead of the more tedious remedy by a writ of entry. [1 Burr. 1Í0- Saunders on Uses, 240.] Whenever an act is done which of itself works an actual disseisin, it is still taken tó be an [*37] actual *disseisin, as if a tenant for years, or at will should enfeoff in. fee. On the other hand, those acts which are susceptible of being made disseisins-by election are no disseisins till the election of the party makes them so, *43 as if a tenant at will, instead of making a feoffment in fee, should only make a lease for years.
No such election was made in the present case, and, consequently, there was no disseisin. Making a devise has been deemed an intimation of an election, not to be disseised; (Poussley v. Blackman, Palm. 305 ; Cro. Jac. 659;) and if Holland was tenant at will, (and no-greater interest can be allowed to have been in him; because no-greater interest can be created by parol) a lease for years, by him, is no disseisin, unless the true owner elect to make it so, nor does destroy his capacity'to devise. (Blunden v. Baugh, Cro. Car. 302.) [Sanders on Uses, 240, 241, 252. Butler’s Co. Litt. 330, b. n. 285. Harg, Co. Litt. 57, a (n) 379. 1 Burr. 112, 113, 1 Cowp. 693. 1 Burr. 111.]
These distinctions between a disseisin in fact and a disseisin by election, were brought into' view, and enforced in the very distinguished case of Atkyns v. Horde, 1 Burr. 60, and they have been historically and ingeniously illustrated by Mr. Butler, in a note to his edition of Coke Litt. (Butler’s Co. Litt. 330, b. no. 285.) There is clearly no reason to consider Van Alen as disseised, in the present case, and incapable to devise; I shall, therefore, pass this point without further remark, notwithstanding the counsel for the defendant appeared to consider it as a strong ground in the eause.(a)
*44 In respect to the existence aiid force of the second lease from. Holland to .M’Mechan, I would observe that notwithstanding the gift of the premises by ;Lowrens-Van Alen to -Holland, the latter never had -any greater interest in them, than an estate at will, (b) because Lo wrens V an Alen made . no alienation by writing, nor did he make any. parol demise of them, “ for a term not exceeding three jrears, and reserving a rent thereori.” Holland was, consequently, but a ten- ■ ant at will, When he made the leases to M’Mechan, and "he had
no authority to make either lease," because such au[*38] thority resides not in a -tenant at will, .nor *can a *45 parol gift of land in fee, operate as an authority to make leases, since the statute off frauds declares whát shall be'the effect of such a parol grant: “ It shall have the force and effect of leases or estates at will only, and shallVnot have any other or greater effect.” Nor no I regard any intimation that may be given by the case, of the subsequent assent of Lowrens Tan Alen, to either of the leases, because it is a settled point, that no subsequent assent will make valid a void lease although subsequent acts may operate as a new grant. (Cowp. 482. Doug. 50.) [1 Durnf. 94. 7 Durnf. 85. Cro. ■E. 156.] Both the leases to M’Mechan were void, because made by a tenant at will, who has no capacity to grant, and the attempt was a determination of the tenancy at will.
'3. The last point is, whether the defendant was entitled to notice to quit.
Where the holding is not for a determinate period, but from the reservation of an annual rent, or from other circumstances, it can be construed into a holding from year to year, the courts have adopted the rule, that neither party shall determine the tenancy, without previous notice. (2 Black. Rep. 1173.) In the present case, the defendant entered under a void lease, and became a trespasser, at the election of Tan Alen. No subsequent agreement was made, no actual rent was stipulated for, between him and Lo wrens Tan Alen ; none was demanded or paid. Lowrens Tan Alen did nothing that could recognize him as tenant, or to create between them the relation of landlord and tenant, and, consequently, no notice to quit was requisite.(a)
I am, therefore, of opinion, that the defendant take nothing by his motion.
Benson, J.
From the report of the judge on the trial, I deduce the following, as the facts in the cause, viz. That Tan Alen, being seised, in fee, of a lot or piece of land, at *46 Kinderhook, aliened it in fee, to his son-in-law, Holland, some time in the year 17.85, but 'did not, at any time, execute to him a deed, or writing for it, so that the alienation was by parol only; that Holland, thereupon, [*39] *made a lease of that parcel of it which constitutes the premises .in question in the present suit, to 'M’Mechan, for nine years, and one of the considerations, in the- lease was, that he was to build a. store on the premises, which, at the expiration of the term, was to be for the benefit of Holland and his heirs. That M’Mechan entered, accordingly, and became-,possessed, and built the store; that on the 25th August, 1794, Holland renewed the lease to M’Mechan, to the 1st June, 1799, on an annual rent of thirty pounds ; that the premises, from the time M’Mechan entered, in 1785, have been possessed by him, and the defendant his assignee, as under the leases made by Holland ; that Van Alen, by his will of the 19th June, 1790, devised his real' estate to his widow, lessor of the plaintiff, during her widowhood, remainder to trustees, in trust, for the daughter, the wife of Holland,, and died in May, 1795, and that Holland died in January, 1797, The demise is laid in the declaration, on the 1st June, 1795.
It may not be amiss for me to explain how I am to be understood, when I state it as a fact, that Van Aden aliened- in fee to Holland. It is obviouslyyto be collected from the proofs that Van Alen had made known his intention to give the lot for the benefit of Holland’s family; it is most probable, however, that he at first intended,the gift should.be by will, and, consequently, to wait until his own death, and that the pro- , perty -was to be secured in some manner, so that it should not be in the power of Holland-to dispose of it, but, finally, he consented that the gift should take place instantly, and to trust it to Holland himself; his declaration, or parols to Holland being, Well,' you may take the lot, and I will deduct sixty - pounds from- your wife’s portion.” This was a gift, still possibly to be viewed.as partaking of the nature of a sale; for although the lot was given, yet it was given at,a certain price or value, at which it was to have been charged, as an advancement to Holland’s wife. T do not, however, *47 conceive it to be material to any question in the present suit, whether it is *to be considered as a gift, or [*40] a sale ; and I use the general term alienation, as comprehending both, .and equally applicable to either; the parols, therefore appear to me sufficient to 'import an alienation, and they being without limitation, the alienation is to be in fee, and an alienation in presentios distinguishable from a contract or promise to alien, in futuro. It was not a matter resting in contract, or promise, except the implied promise of Van Alen, to execute, within a convenient time, a deed in writing, the formal, but at the same time, indispensable act of consummation.
1. Whether in a case of a parol alienation of land in fee, and an actual entry and consequent possession by the alienee, or his tenants thereupon, the alienor, although he may not have executed a deed, in writing, shall not, nevertheless, be deemed to be so out of possession, as to be incapable to devise it. Supposing the opinion of the court to be with the plaintiff on this question, then,
The questions between the parties are,
2. Whether the defendant may not affirm M’Mechan, his assignor, to have been a tenant for three years to Van Alen himself, from the 25th August, 1795, when the lease was renewed. by Holland to M’Mechan?
My reasoning on these questions will be concise, for it appears to me, the merits of them lie within a very narrow compass, It will be remarked, that I assume it, that until a deed in writing, whatever may have been the parol declarations of the alienor, the technical estate at law still remained in him, and on his dying intestate, it would descend to his heir, and that consequently, it never passed-to the alienee; the question, therefore, is more precisely this, can he also devise or otherwise dispose of it? Whether an estate in fee, could not have passed, by the common law, by parol only, need no longer be inquired into, since the statute for the prevention of frauds is express, that it cannot now pass, unless by writing. No other estate can pass to an alienee by parol, except the constructive estate at will, under the statute, and consequently, such alienee cannot pass *48 [*41] *am estate or =title to another, as derivative from' an estate or title, in himself; the title under which the persons to whom Holland made leases took possession, was th'e title as, then subsisting in Tan Alen, but which he was bound,, by his promise,; to pass to Holland, by executing a deed:in .writing to "him, for that purpose. .Tail Alen always had.it in his option either to fulfil, or recall'his promise : and in the latter ease,, to have left. Holland to seek a reparation in damages against him ; so that Tan Alen, as to his capacity to dispose, still continued seised, and consequently, the premises all passed by his will: to. the lessor of the plaintiff.
As to the second question, I have stated that the parol ■ gift of Van Alen was an alienation in fee, and in presentí,. as .distinguishable from a promise to alien in futuro ; l have, however, admitted that it was not effectual to pass an estate to Holland, except a constructive estate at will, and that Tan Alen might, at any time, have recalled his promise, and thereby have determined his will; I think notwithstanding, that it was sufficient to give Holland a right, or authority to enter, and .to make leases, equally effectual as if made immediately by Tan Alen himself; but the authority from Tan Alen" to Holland being by parol, the acts of Holland under that atithority, although in writing, cannot, as against Tan" Alen, have more validity than they could have, if they were by. parol only. The right, therefore, of "Van Alen to avoid the alienation of Holland, and the consequent acts of Holland, are to be subject to a right in "the lessees of Holland, if they choose to avail themselves-of it, to affirm themselves to be .tenants to Tan Alen for. three years, as .to every'lease which! might have been- made by Holland for that term,-or exceeding it; so that if at any time, during the . three first years of either of the leases, Tan Alen had questioned the right-of M’Mechan-to enter, and occupy,' M’Mechan might have pleaded- a lease from Tan Alen by .-parol, for three years, and have,-given the parol gift. of Tan "Alen :in evidence, in maintenance .of1 his plea: or, in other .words, as an act granting an .autho[*42] rity, *orpower to Holland, to make parol leases as durable, and in every respect as effectual against Tan Alen, *49 as if they had been made immediately by himself; in short, that the lessee shall have the same means to defend his possession against Van Alen, which he would have had to defend it against Holland, with this difference, that, as against the former, he can allege his agreements to be by parol only. The conclusion from the whole is, that the defendant may affirm M’Mechan, and for the residue of the term unexpired, at the time of the assignment of the lease, may affirm himself, to have been a tenant for three years, and. to the lessor of the plaintiff, his devisee, successively, from the date of the renewed lease, and from the expiration of that term, as tenant at will, from year to year; and consequently, that the defendant hath shown both that there was a term subsisting against the lessor of the plaintiff, at the time of the demise laid in the declaration, and also, that he is entitled to the usual notice to quit; and my opinion, accordingly, is, that the verdict must be set aside, and that the postea be deli'vered to the defendant to enter judgment of nonsuit..
Lewis, J.
The grounds on which the present application is made, are, 1. That Lowrens Van Alen, under whose will the lessor of the plaintiff derives her title, was disseised previous to the time of making the devise, and so continued to the time of his death, and that his interest being thereby reduced to a right, nothing passed by the devise.
2d. That if there was no disseisin, then Holland or M’Mechan was tenant from year- to year, and entitled to notice to quit, or M’Mechan was tenant to Van Alen, under a subsisting lease, and, therefore, the plaintiff not entitled to recover. 1 •
3d. That the conduct of Van Alen savored of fraud, in hanging out deceptive lights to purchasers.
5th. That- the demise being laid previous to the election of the lessor of the plaintiff to be dispossessed, and not disseised, is erroneous, and that, therefore, the plaintiff ought riot to recover.
*5th. That the judge, who tried the cause, misdi- [*43] reeled the jury.
*50 To simplify the facts, I shall consider M’Meehan, who is. the defendant’s principal, as-the real defendant.
On the first point, the supposed disseisin was contended for, first on the ground of Holland’s being a tenant at will, and making a lease, for years, for which the case of Blunden v. Baugh (Cro. Car. 302) was relied on ; secondly, .because M’Mechan held adversely to Tan Alen-. It will be necessary to consider each ground. .
• It is unquestionable law that a disseisee- before re-entry, cannot convey, even by devise ; for by the disseisin, the fee is out of him. It is, .therefore, necessary to examine,-whether Tan Alen was disseised in either of the modes insisted on, or in any-other. That he-was not so by election is certain, for that.being for his benefit, and for the sake of the remedy merely, is effected only by bringing, an assize. ■ The disseisin, then, if any, must have been an actual or compulsory one,, that, is, in spite of him, or as it is termed, nolens volens; such as would have made the disseisor a good tenant to every prcecipe, without, taking away the right owner’s entry. To attempt an accurate definition of this species of disseisin with all its effects and consequences, would- be -vain, since ’we have the authority of L,ord Mansfield, ill the celebrated case of Taylor, ex dem. Atkyns, v. Horde, for saying, that since, the abolition of military tenures, little of it is left us but the name, and that the more..we read, unless we are careful to distinguish, the more we shall be confounded. Thus much,.however, may be collected from the ancient writers' on the subject, that disseisin always implied a wrong, a personal trespass, and .'tortious ouster; but that all these might combine, without necessarily producing a disseisin. For according to Bracton, a freeholder by disseisin differed from a possessor by wrong, whom he calls an intruder, and describes as acquiring a naked possession, without any seisin ; and, in' the lan- , guage, of Lord Mansfield in the. case above cited, [*44J. i( this, species of disseisin must *mean turning the-ten- , . ant out of h'is tenure, and usurping his place and feudal relation, and at the present day, can exist only.in the ■case of fines with proclamation.”- .
*51 The case of Blunden v. Baugh, was certainly not understood by the counsel who adduced it, for a principle directly and unequivocally the reverse of that contended for, is there established by the opinion of three judges against one; the four judges of the common pleas assenting. The case was this; Charles, Lord Nottingham, was seised of the lands in question; William, Lord Effingham, his eldest son and heir apparent, being tenant at will to his father of the lands, leased.them to Humphreys for twenty-one years. During the existence of this lease, they united in levying a fine, and the questions were, whether there was not a disseisin, parti ■ bus invitis ; and if so, whether William or Humphreys was the disseisor ; and it was held, as above stated, that Charles was disseised, at his election only; that he was ténant of the freehold, the lease notwithstanding, and, that, therefore, the fine was levied ; and that, had it been a disseisin, William \ ' f ' and not Humphreys, would have been the disseisor.
Of the several modes of passing estates, by the act of parties, that by devise is most favored, because it is considered as being made in extremis, and oftentimes in articulo mortis. Thus we find in the case of Poussly v. Blackman, (Cro. Jac. 659,) that on a bargain and sale of lands conditioned to be void, on the payment of a sum of money, and that the bargainee should not enter until failure of the condition, and the bargainor failed to make payment, and the bargainee did not enter, but devised the lands, and died, this was held a good devise, on which the devisee could maintain ejectment. In Taylor, ex dem. Atkyns, v. Horde, this case is cited by Lord Mansfield, who observed, that from the manuscript report it appeared, that the point of decision was that the owner 'by making a devise, showed his election not to be disseised. So in the present case, Van Alen by devising the premises, elected not to be disseised.
*From these authorities, it necessarily results, that [*45] Van Allen was not disseised by Holland’s lease to M’Mechan. In the course of the examination of the second point, I shall show, that after the expiration of the lease for nine years, M’Mechan became tenant at sufferance, and so *52 not a disseisor, and that, therefore, thé premises well passed by the devise.
2. The second point .is, whether the plaintiff is debarred from recovering by the want of notice, or by the subsisting lease for five years, in the concluding argument of the defendant’s counsel, the idea of Holland’s being a tenant at will was abandoned, and it was contended that M’Mechan was tenant from year to year, and, as such, entitled to a notice to quit. The only authority cited which in any manner applies to this part of the casé, is that of Dagget v. Snowden, (2 Black. Rep. 1224.) The reports of Sir William Blackstone, though the production of an able judge, are not of the highest authority. They are posthumous works, edited by his executor who does not appear to have been a lawyer, and who has given them to the world, without their having undergone the last revisal intended by the author. The case, however, goes no further than to say, that certain tenancies at will are construed into tenancies from year to year, and that in such cases, a six months’ notice to quit is required, unless where a special agreement, or. a particular custom intervenes.. But it was not shown that the tenancy in question was of this description ; that it is not will appear from an examination of the latest authorities on the subject. The rule applies to those tenancies at will only, which are susceptible of a construction/ that will place them on a footing with tenancies from year to year; such as where an annual rent is reserved, and a holding over, by consent of the landlord. But when the lease is determinable on a certain event, or at a particular' period, no notice to quit is necessary; as was determined in the cases of Messenger v. Armstrong, and Right v. Darbey & Bristow, (1 Term Rep. 53, 159.) [,*46] *Neither is it necessary, where the tenant has done an act, disclaiming to hold as tenant to the landlord.
To apply this doctrine we must advert to the facts in the case'before us.' It is conceded that Holland never had. an interest in the premises, and that the only evidence, which looks like his having had an authority over them, was Van *53 Alen’s saying to him on one occasion, “ John, you may take the kraal, and I will deduct 60Z. from your wife’s portion.” There is no evidence of his having ever made such deduc- • tion, nor can these words vest any species of interest, unless, perhaps, there had been an actual entry by Holland consequent thereon, when he might have been tenant at will. To what purpose he was to take it, then, was a question of fact for the jury to decide. From their verdict it appears that they did not consider it as intended as a general authority to make leases; and they were well warranted in a such a conclusion by the invariable determination manifested by Van Alen, to appropriate that property to the benefit of his daughter and her children. Holland first made a lease for nine years, but no rent was reserved. The buildings to be erected by M’Mechan were the only consideration. Van Alen was, at first, dissatisfied With it, but upon reflecting that it would enhance the value of the premises to those for whom he intended them, he assented to the lease, and thereby ratified that particular act. M’ Meehan thus became his tenant for nine years, a period certain, or at will, by force of the' statute of frauds; and no annual rent being reserved, there is no construction on which he can be considered as tenant from year to .year; but he must be either tenant at will, by force of the statute, or for a period certain, by'Van Alen’s assent to the lease ; and, of course, according to the authorities cited, was not entitled to notice. ■
The jury have, also, properly determined, that the second lease to M’Mechan, to wit, that for five years, was an unauthorized act on the part of Holland which Van Alen never had assented to or sanctioned. When, or from whom he received the information of it does not appear; it was not, however, from Holland, but *frbm strangers; [*47] and, finding the rent was reserved to Holland, who was addicted to liquor, and, of course that it would not benefit his children, he declared his disapprobation, and his intention of taking the property into his own hands. His death, which happened about nine months after the execution of the lease, most probably prevented the *54 effect of this intent. This lease, then, is certainly no bar to a recovery.
I shall now proceed to show, as was intimated when the first point was under consideration, that, on the expiration of the first lease, M’Mechan if not a tenant at will,' stood in the relation of tenant at sufferance to Van Álen, and as such was not a disseisor, nor had he such a possession as would prevent the transmission of the inheritance. (1 Roll. Ab. 659. pi. 15.) “ If lessee for years, holds over his term, yet he is no disseisor, for this, that he comes in by act of the party; but he is tenant at sufferance.” In Co. Litt. 57 b. and the case of Rous v. Artois, 2 Leo. 45, the same law will be found.
That the possession of such a tenant" is no impediment to the passing of the landlord’s interest is established by the cáse of Poussly v. Blackman, before cited; as well as by the case of Willis v. Jermine, (2 Leo. 97.) A lease was there made to Jermine, rendering rent, and for default of payment to be void. The rent was afterwards demanded, but hot paid, and the lessor without entry, leased the lands to Willis, Jermine being in the actual possession, and it was held good, for that he was but tenant at sufferance; and Harris the counsel for the defendant agreed, that if Jermine was but a tenant at sufferance, the second lease was good. The interest of a tenant at sufferance is of so little consideration in law, especially when set up against the rights of his landlord, that his descent will not toll an entry. (Allen v. Hill, Cro. Eliz. 238.) His possession and pernancy of the profits, is insufficient, where he sells the inheritance, to protect himself against a prosecution for maintenance. (Pike v. Hassan, 3 Leo. 233.)
[*48] *3. The arguments on the third point, proceed rather on the ground of inconvenience than of law. The supposed imposition on purchasers, arising from Van Alen’s permitting certain lessees under Holland to enjoy their tenancy .during his life, would not be a sufficient reason for granting the effect of the present motion, were the facts as the defendant’s counsel have stated them. It is incumbent on every purchaser to look to the title of'the property he ac *55 quires. In the present instance, it could have been done without difficulty. Van Alen was in. the neighborhood, and from him the extent of Holland’s powers might easily have been ascertained. - But there was, in fact, no deception. JM’Mechan, before he accepted the first lease, was informed that Holland had no title, and that Van Alen, most probably, would give him none; he replied, that it was all in the same family, and that Holland must make good his damages, if he sustained any. Ely, previous to his acceptance of the lease for 999 years, applied to Van-Alen to execute it, who refused ; but told him he might take it from Holland, and that lié would never himself disturb him. Where, then, is the deception 1 The plain and obvious meaning was this, Holland’s acts which I now sanction, must terminate with my life. Of the sub-lease from Ely to Spencer & Ludlow for the hay-scales, and the several permissions to occupy the barn and barn-yard, Van Alen, for aught that appears, was ignorant. Had it been otherwise, it would not alter the case.
4. The fourth ground of the application is, that the plaintiff has laid his demise -two years previous to the commencement of the suit, which determined his' lessor’s .election; hence it is inferred, if I understand the scope of the argument, that the demise is laid before the title accrued. Were this inference just, it would be decisive against the plaintiff in this action, and the case relied on, of Goodtitle v. Herbert, (4 Term Rep. 680,) would be in point. If 1 am accurate, as to the train of reasoning, the effect of an election has certainly been misunderstood. It has no relation to the title, but to the remedy alone. _“ When *the easy specific [*49] remedy was by assize,” says Lord Mansfield, in the case of Taylor, ex dem. Atlcyns, v. Horde, “ where the entry was not taken away, the injured owner might, for his benefit, elect to'consider the wrong as a disseisin. So, since an ejectment has become the easy specific remedy, he may^elect to call the wrong a dispossession.” And again, he observes, “where an ejectment is brought, there can be no disseisin ; because, the plaintiff may lay his demise when his title accrued, and recover the profits from the time of the demise.” This is precisely the case before u,s.
*56 5. The objections to the charge of the judge remain to be considered. And here it- will be observed¿ by recurring to the motion for a nonsuit, made at the trial, that the defendant’s counsel then contended, that Holland was either tenant from year to year, or a disseisor ; and it was not until the concluding argument, on the present motion, that they abandoned this ground, disclaiming to derive a title "through him, and asserting that he never was possessed, The assumption of this new position, has induced an. observation from-one of the counsel, that the charge respecting Holland’s interest ivas immaterial; from another that it was improper, as it was a question of law; and from a third, that it should have been ' peremptory on the point of Van Alen’s acquiescence and consequent disseisin ; and that the motion for. a ndnsuit should, on this ground, have been successful.- -
I have already shown from various authorities, that Tan Alen was neither disseised actually, nor by-election. To have" granted a nonsuit, therefore, on that ground, or to have charged the jury with a fact that did not exist, would have been erroneous in the extreme. The reference of" Holland’s interest to -the jury, was right upon "every principle. Whether he was or was" not a disseisor, is not, as has been mistakingly supposed, a question of law but of fact. Disseisin, says Lord-Mansfield, in the case last cited, is a fact to be [*50] found by a jury. The idea of ^Holland’s being a mere agent or attorney for his father-in-law, was first suggested by me in overruling the motion for a nonsuit; and, in the course of the- trial, was substantiated by an authority produced by" the plaintiff’s counsel. It-was controverted by the defendant, who insisted that Holland, if not a disseisor, had an interest which entitled him to notice; and that M’Mechan stood in his.place, by -virtue-of the lease for five years which was " produced in evidence. In this view, his interest'became a material object of the charge ; and when it is remembered that it was derived, if it-existed at all,, from a parol agreement the terms of which were to be collected from the testimony" of the witnesses, it was most indisputably a fact on which the jury alone were competent to decide. • It was also proper *57 to be submitted to them, for another reason. If he had no interest, his lease could not make him a disseisor, (a point strongly contended foi\ on the part of the defendant,) and he would not stand in the relation of a tenant; if heihad an interest, and it was at will only, his lease did not make him a disseisor, but at the election of Van Alen. Fearing that the jury might be misled’, by the perplexity and embarrassment, which so intricate a subject could not fail to produce, I placed it before them in the simplest form in my power.
It was also insisted, that I ought "to have'charged the jury, that there was sufficient evidence of Van Alen’s having authorized, or approved of the second lease to M’Meehan. This objection is a little singular, since the ground.of any authority was. not relied on at the trial; it may, nevertheless, be open to investigation.. I do not know that it is the duty of a judge peremptorily to decide on the weight of testimony, where there is room to "doubt; this is peculiarly the province of a "jury. The judge may, and, perhaps, ought to lay down to them the rules of investigation ; .but the cases which will justify his directing their determination are extremely rare in controverted causes. This was not a case of that description ; on the contrary *the acquiescence, if any, • [*51] was a matter of inference and for their exclusive inquiry and decision.
Under whatever aspect I view this cause, and I have endeavored to examine it in every light of which it is susceptible, on account of the important principlés it- involves, I am satisfied with the verdict, and that the defendant ouo-ht r O to take nothing by his motion.
Lansing, i Ch. j. declared himself to be of the same _ opinion.
Radcliff, J. having been concerned as counsel for the plaintiff, declined giving any opinion.
Rule refused.

 In the case of Taylor d. Atkyns v. Horde, cited in the text, Lord Mansfield states that “ disseisin at common law signified some mode or other of turning the tenant'out of his tenure and usurping his place and feudal relation.” If the disseisor died seised his heir acquired the right of possession by descent, which is the act of the law ; therefore, the entry of -the disseisee was tolled or taken away, and he was driven- to his real action, and could not bring ejectment. Co. Litt., 238 b, 255 b, 256 a. For this state of things the assize of novel disseisin was invented by which at common law the demandant recovered not only the land itself, but likewise damages from the time of the disseisin done. Bract. 186, b. 2 Inst. 284. This proceeding comparatively rapid was said to be máxime festinum and consequently soon came into favor with the lawyers of the time. A fiction was therefore encouraged by the courts whereby the illegal dispossession of the owner of .land was regarded as a disseisin, for tbesake of entitling him to an assize, “to punish the wrong, and as between the true owner and naked possessor to try the title, the assize was extended to almost every case of obstruction to an owner’s full epjoy *44 ment of lands, tenements and hereditaments.” “ And, the" legislature .by' many acts of parliament, and the courts of law by liberal «constructions in furtherance of justice, extended this remedy for the sake of the owner to every trespass or injury done to his real property, if by bringing his assize he thought fit to admit himself disseised. (See Lord Mansfield in Taylor v. Horde, see Alen v. Holton, 20 Pick. 458, 467.) This fictitious disseisin was ..called disseisin by .election. “ Disseisin in fact and disseisin by election ■ have been so frequently confounded, that jn examining the dicta of judges it is sometimes difficult to understand to which species of disseisin they allude, without referring particularlyto, the facts of the case, which they had under consideration at the -time such dicta were delivered. But by a careful examination of the authorities, it will be. found that there could be no disseisin in fact, except by the wrongful entry of a person claiming the freehold, and an actual ouster or expulsion of the true owner, or'by some other act which was tantamount; such as a common law conveyance, with livery of seisin, by a person actually seised of an estate of freehold in the premises, or some one lawfully in possession representing the freeholder, 1 Inst..330, c. n. (1); or by a ’ common recovery, In"-which there -was a .judgment "for .the -freehold, and an actual delivery of seisin by.the execution,,or by levying a fine, which is an acknowledgment of a -feoffment of record. 2 Bl. Com." 348. Co. Litt. 330, c. n. (I). Doe v. Thompson, 5 Cowen, 371. Smith v. Burtis, 6 Johns. R. 197. Varick v. Jackson, 2 Wend. 166; per Walworth, Ch. 203. See also Anthon’s N. P. 84, n. (a), and 110 and 113, (a). Clapp.v. Bromagham, 9 Cowen, 530, 552, 553. Jerrett v. Weare, 3 Price, 575. Doe v. Hall, 2 D. & R. 38.
The Massachusetts .cases conform -to-the rule -as stated in Varick v. Jackson, Kennebeck Purchase v. Springer, 4 Mass. R. 416. Boston Mill Dam v. Bullfinch, 6 id. 229. Bates v. Norcross, 14 Pick. 224. Alen v Holton, 20 id. 458, 465. See also Small v. Proctor, 15 Mass. R. 495.
That disseisin depends upon the character and -intention of the act. See ■further, Jerret v. Weare, ut sup. Blunden v. Baugh, Cro. C. 302. Doe v. Lynes, 3 Barn. & Cress. 388. Goodright v. Forester, 1 Taunt. 578. Taylor v. Horde, ut sup.

 Jackson v. Ellis, 13 Johns. R. 118.

 Jackson v. Bradt,2Caines’R. 169,174. Jackson v. Bryan, 1 Johns. R. 322, 323. . The rule in Massachusetts seems to be that in a tenancy at will the parties must give to each other reasonable notice of a determination of the will. Ellis v. Paige, 2 Pick. 71, n; but see S.C. 1 id. 43; see also, Rising v. Stannard, 17 Mass. R. 282. King v. Goodwin, 16 id. 1.