## Case No. 1,727.

### BOWERBANK v. PAYNE.

[2 Wash. C. C. 464.][1]

Circuit Court, D. Pennsylvania. April Term, 1810.

BAIL—EXONERATION—INSANITY OF DEFENDANT.

The court refused to enter an exoneretur on the bail-piece, on the ground that the defendant was confined in the hospital, as a lunatic.

[See Gadsby v. Miller, Case No. 5,167.]

Rule to show cause why an exoneretur should not be entered on the bail-piece, the defendant being confined in the hospital, as a lunatic. The affidavit of the bail, on which the rule was granted, stated, that since the suit was brought, the defendant had become deranged in his mind, and was now in the hospital.

In support of the rule, Mr. Hare cited 12 Term R. 126; and though he admitted, that in a case like the present, the English cases were flatly against him, still, as the defendant, from his situation, could not relieve himself from confinement by availing himself of the insolvent law of the United States, humanity forbade his being thrown

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

into jail by his bail, which his liability must compel him to do, if he cannot be relieved from his undertaking.

BY THE COURT. If we were satisfied that the derangement of the defendant were permanent, there is no legal ground for relieving the bail, since he is not prevented by any law from delivering him up; and humanity, if it were a ground on which the court could interfere, is not concerned in the question, whether the defendant shall be confined in a jail, or in the hospital. In either case, he will be taken care of. But what we deem conclusive, is, that there is no proof that the derangement of the defendant is more than temporary, and in such a case, nothing could justify a release of the defendant from this undertaking. Rule discharged.