## ELISHA FULLER vs. ISAAC DAVIS.

Sureties on a bond for the liberty of the prison limits are not liable for a failure to surrender their principal, occasioned by his confinement in the State Lunatic Hospital, as a lunatic furiously mad, under a commitment by the judge of probate, pursuant to Rev. Sts. c. 48 ⁂ 6, after the execution of the bond.

ACTION OF CONTRACT against Abraham G. Randall and Isaac Davis, on a bond for the liberty of the prison limits. Randall was defaulted; and Fuller and Davis submitted the case to the court of common pleas upon the following facts:

On the 29th of September 1852, Randall was committed to prison on an execution in favor of the plaintiff; and on the same day, with Davis as his surety, executed the bond in suit. Randall did not surrender himself, and was not surrendered, to the jailer, within ninety days from his commitment; nor has he ever been surrendered, nor paid the debt, nor been discharged by the creditor. Randall became insane as early as the 22d of September 1852, and was committed by the judge of probate for this county to the State Lunatic Hospital on the 7th of October 1852, and there remained insane until October 1853, when he was discharged from the hospital. On the 27th of December, 1852, Davis petitioned the court of common pleas for a writ of *habeas corpus*, that he might take Randall from the hospital, and surrender him to the jailer, according to the condition of the bond; but the petition was disallowed by the court; and Davis was unable to surrender Randall within ninety days, by reason of Randall's confinement in the hospital. Davis made a motion in writing that an *exoneretur* be entered upon the bond, and that he be discharged from liability thereon; but this motion was refused. The court of common pleas gave judgment for the plaintiff, and the defendant appealed.

*J. H. Mathews*, for the plaintiff.

*E. B. Stoddard*, for the defendant.

METCALF, J.* The rights and liabilities of sureties on bonds for the prison limits are so like those of bail, that we think the law, which is applicable to bail, must be applied in this case.

---

* THOMAS, J. did not sit in this case.

As to bail, " wherever the principal, by act of God, or of the law, is taken, as it were, out of the bail's keeping, before the day of surrender allowed, and without fault in his bail, they are discharged." 5 Dane Ab. 290. And it was decided, in *Way* v. *Wright*, 5 Met. 380, where the principal, after giving bail, was convicted of a crime, and sentenced to the state prison, that his bail were entitled to be discharged, on motion. The principle applied in that case is the same which we apply in this ; namely, that as the power of surrendering the principal was taken away by an act of the law, the obligation to surrender him was thereupon discharged by the law.

The Rev. Sts. *c.* 48, § 6, confer power on judges of probate, except in the county of Suffolk, to commit to the State Lunatic Hospital in Worcester any lunatic, who in their opinion is so furiously mad as to render it manifestly dangerous to the peace and safety of the community that he should be at large. By virtue of the power thus conferred, and before any breach of the condition of the bond now in suit, the judge of probate for this county committed the principal obligor to the hospital, where he remained about twelve months. Now whatever may be the law of other states or countries, as to the rights and obligations of bail for insane persons, (2 Wash. C. C. 464, and Shelford on Lunatics, 407, 408,) or however the law as to their bail, or as to their sureties on bonds for the prison limits, may have been in this commonwealth, before provision was made, by statute, for the commitment of such persons, by legal process, to the custody of officers of public institutions established for their benefit, we have no doubt that, since such provision has been made, neither their bail nor sureties can take them from such custody, and surrender them to the county jailer, to be imprisoned as debtors. We are therefore of opinion that the court of common pleas rightly refused to issue a writ of *habeas corpus*, on the petition of this surety, to bring the principal from the hospital to be surrendered to the jailer ; and that, as the surety could not, by law, surrender the principal, he cannot by law be held answerable for not surrendering him. *Judgment for the defendant.*