## In re Theveny's Bail

*Theodore L. Brubaker*, for rule.

*William C. Storb*, assistant district attorney, and *Bernard J. Myers, Jr.*, contra.

SCHAEFFER, P. J., November 7, 1952.—This is a rule to show cause why a forfeited recognizance should not be remitted or moderated under the Act of December 9, 1783, 2 Sm. L. 84, sec. 2, 8 PS §171. Defendant, Joseph J. Theveny, alias Edward Joseph Roski, was indicted for larceny. Petitioner, Peerless Casualty

Company of Keene, N. H., was the surety on a bail bond for $2,000 which was forfeited on September 15, 1950. Subsequently, on October 30, 1950, the bail was renewed for defendant in the sum of $2,500 with Peerless Casualty Company as surety. On December 13, 1950, there was a mistrial and the bail was renewed by the same surety company in the sum of $2,500. On June 11, 1951, defendant was in court awaiting trial. He disappeared before trial and was a fugitive until January 31, 1952, when he was arrested in Philadelphia on another charge. He was sentenced by this court on March 7, 1952, after pleading guilty. His bail was forfeited on June 11, 1951, and on April 15, 1952, proceedings were instituted in this court to recover judgment on the forfeited bond. On July 11, 1952, a petition was presented by defendant surety company for remission of the forfeited bond. It has been stipulated that the agent of the Peerless Casualty Company went to Cleveland, Ohio, on two occasions after the forfeiture to locate Joseph J. Theveny, defendant, and that a private detective was employed by the surety company who discovered that defendant's automobile was in Philadelphia. The sum of $150 for traveling expenses and $200 for fees of the detective, or a total of $350, was expended in attempting to locate and apprehend defendant.

Section 2 of the Act of December 9, 1783, 2 Sm. L. 84, supra, provides that the courts are "empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

In the instant case the recognizance was forfeited for cause and defendant was a fugitive from justice at the time of forfeiture. There was a prior forfeiture of a recognizance on September 13, 1950, given by defendant with the same surety. Subsequently, the court permitted another bond to be given. More than

six months elapsed from the time of the last forfeiture to defendant's arrest on another charge. The surety company made an unsuccessful attempt to locate defendant after the last forfeiture. This failure by itself does not preclude a remission or moderation of the bail. All of the facts and circumstances must be taken into consideration, especially the lapse of over a year before the petition was presented by the surety company and the prior forfeiture and status of defendant as a fugitive in this same case.

In Commonwealth v. Robert Collins, 44 Lanc. 677, it is said:

"The court has discretionary power to remit a forfeited recognizance, but such relief should be based on sufficient legal or at least equitable grounds. In *Commonwealth v. McMullin*, 11 D. & C. 107, the cash deposited on a forfeited recognizance was remitted because the defendant was unable to appear in court for his trial, being then in jail in another jurisdiction for another crime. In *Commonwealth v. Goldberg*, 37 York 186, the defendant appeared in court a day late. The court held that a remission of forfeiture was equitable because the breach was found to be unintentional. In *Commonwealth v. Dougherty*, 8 Phila. 367, it was decided that the court will not relieve the bail on a forfeited recognizance unless there is a prompt application to the court for such relief. In *Commonwealth v. Solomon Fogelman and Harris Flomenhaft*, 3 Pa. Superior Ct. 566, the court said: 'It is to be observed, further, that although the defendant had knowledge, for a long time, of the forfeiture, he made no effort to have it remitted, or to produce Fogelman for trial.' The court there stressed the necessity of proceeding with due dilignece to have the forfeiture remitted or modified. In *Ruby's Bail*, 12 D. & C. 582, the defendant deposited cash for his appearance in court on a certain day on a charge of desertion. He failed to ap-

pear as required and the recognizance was forfeited. About five months thereafter he was arrested in New York City on a charge of adultery and brought back to York. Judge Niles in his opinion stated, 'There is nothing in this case of such appeal as to warrant a remission of this forfeiture. Should this defendant be relieved under the circumstances of this case, the sanction of all recognizances to insure the appearance of defendants would be weakened and a dangerous precedent established.' In *Scully v. Kirkpatrick*, 79 Pa. 324, a bond was given with surety for the appearance of defendant in a fraudulent debtor proceeding. Defendant failed to appear. Mr. Justice Sharswood held that the obligation created by such a bond is discharged by an act of God in producing sickness or insanity or death. He stated, however, that 'some relaxation of the rigidity of the rule occasionally appears,' and that the excuse for not appearing at the day named should be a valid one in equity."

In Commonwealth v. Flowers, 32 Del. Co. 29, the court, in refusing to remit a forfeiture of the recognizance, said:

"The defendant was wilfully and defiantly evading the law and became a first-rate fugitive from justice. No mercy should be shown and particularly if accorded it would start a precedent to condone similar conduct for the future. This is an appeal to the discretion of the court and in the exercise of that judicial discretion we feel we are conserving the public interests and promoting law and order by discharging the rule."

The cases cited by defendant surety company present a different factual situation. In Com., to use Lancaster County v. Bailey and Ryder (No. 3), 27 Lanc. 220, Landis, P. J., said:

"It is our concern that the defendant and his bail perform the obligation which they assumed. We have, therefore, concluded to remit this recognizance, but

not at this time. We desire these petitioners to first carry out their promise and see that Bailey is brought back to this county, and, if they do so, we will then, all costs being paid, remit the judgment."

In Com., to the use of County of Lancaster, et al., v. Myer Jacobs, 45 Lanc. 545, it is said: . . . "the surety acted with diligence in securing the return and apprehension of the defendant." In Commonwealth v. Greenberg, 30 Del. Co. 528, 530, it is said:

. . . "the defendant has served his full sentence and has paid a five hundred dollar fine and all of the costs of the various proceedings. It is not our desire to penalize the surety and, inasmuch as the county has been made whole, we feel that the judgment should be opened."

In Commonwealth, for use, v. Drocton, 10 D. & C. 380, the surety procured the arrest of defendant and the court remitted all in excess of costs and expenses. In Commonwealth v. Emerson, 36 D. & C. 361, defendant was arrested through the efforts of the surety.

The primary purpose of a recognizance in a criminal case is to secure defendant's appearance in court to answer at the proper time the charge against him. If there would be no penalty for failure to appear there might be no necessity to require a bail bond. If such a discretionary power were not vested in the court a surety would not be inclined to make an effort to produce defendant. On the other hand, if a premium is paid to a surety it is in the nature of compensation for the risk undertaken. A valid reason or extenuating circumstances may exist whereby a remission or moderation of the recognizance is justified. Accordingly, each case should be considered on its own factual basis.

In the case at bar the court concludes for the reasons stated that the surety is not entitled to any relief by way of remission or moderation of the recognizance.

And now, November 7, 1952, the rule granted to show cause why the recognizance of $2,500 should not be moderated or remitted to Peerless Casualty Company of Keene, N. H., the petitioner, is discharged.