CURTIS (CHESTER v.). See Case No. 2,661.

CURTIS (COOLIDGE v.). See Case No. 3,-184.

CURTIS (FARWELL v.). See Case No. 4,-690.

———

## Case No. 3,502.

### CURTIS v. FESTE.

[29 Hunt, Mer. Mag. 455.]

District Court, D. Louisiana. 1853.

IMPRISONMENT FOR DEBT—FEDERAL JURISDICTION.

[Imprisonment for debt on process from federal courts having been abolished (Act 1841; 5 Stat. 410) in states which have abolished it by law, the federal courts in such states have no jurisdiction of a suit for the enforcement of a state statute, highly penal in its nature, in regard to fraudulent debtors.]

[Action by Curtis and others against Victor Feste to recover a debt. On motion to discharge the debtor from imprisonment for want of jurisdiction.]

This case came up on Wednesday, May 18th, 1853, and motion was made to discharge defendant from arrest, who was taken by process issued from this court, in accordance with the tenth and thirteenth sections of an act of the Louisiana legislature, passed in March, 1840. [Laws La. pp. 133, 134.]

In 1837, congress abolished imprisonment for debt, under process from the courts of the United States, in those states where it had been abolished by law, and provided that "when by the laws of a state, imprisonment for debt shall be allowed under certain conditions and restrictions, the same conditions and restrictions shall be applicable to the process issuing out of the courts of the United States; and the same proceedings shall be had therein as are adopted in the courts of such state." 5 Stat. 321. In 1841, an act supplementary was passed by which it was enacted that the act of 1837 should be construed so as to abolish imprisonment for debt in all cases whatever, on process issuing from the courts of the United States, when, by the law of the state in which the said court shall be held, imprisonment for debt has been or shall hereafter be abolished.

The laws of Louisiana provide fully for the abolition of imprisonment for debt, and the process by which the arrest of a debtor is made has been also abolished. The consequence is that, under the act of congress, imprisonment for debt in all the cases under process from this court was formally terminated. The legislature of Louisiana has given to creditors a remedy highly primitive in its character, as respects their debtors in certain cases of fraud. The statute cannot be enforced in favor of creditors in the courts of the United States. The supreme court of the United States, in the case of Gwin v. Breedlove, 2 How. [43 U. S.] 29, which involved the application of a penal statute of Mississippi to a marshal, for a false return of an execution, says: "This being an offense against the state law, the courts of the state alone could furnish its commission, the courts of the United States having no power to execute the penal laws of the individual states."

The statute under consideration is in a very high degree penal. It is made the duty of the court, in all cases described in it except one, upon conviction of the debtor, to sentence him to three years imprisonment, and in the other case to sentence him to the same term of imprisonment with a condition that he should be discharged on payment of the debt. This court has no jurisdiction over a case like this, and the defendant must be discharged from arrest.