## Ex parte CRAWFORD.

(Circuit Court of Appeals, Third Circuit. April 5, 1907.)

### No. 1,013.

**1. COURTS—FEDERAL COURTS—PROCEDURE IN AID OF EXECUTION.**

The remedy given to a judgment creditor by Act Pa. July 12, 1842 (P. L. 339), by the arrest and imprisonment of the defendant on a showing of fraudulent removal or concealment of his property, is one "to reach the property of a judgment debtor" within the meaning of Rev. St. § 916 [U. S. Comp. St. 1901, p. 684], and under said section is available in the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 936.]

**2. BANKRUPTCY—EFFECT OF BANKRUPTCY ACT ON STATE INSOLVENCY LAWS— ARREST OF JUDGMENT DEBTOR.**

Act Pa. July 12, 1842 (P. L. 339), which authorizes the arrest and imprisonment of a judgment debtor on a showing that he is about to remove or has concealed property with intent to defraud his creditors, is not an insolvency law of the state, although it provides that the debtor may be released on his giving a bond that he will apply within 30 days for the benefit of such law and comply with its requirements, but merely provides a remedy in aid of execution, and its operation is not suspended by the national bankruptcy act.

[Ed. Note.—Effect of national bankruptcy act on state insolvency laws and on assignments for benefit of creditors, see note to Carling v. Seymour Lumber Co., 51 C. C. A. 11.]

On Writ of Habeas Corpus and Return Thereto.

For opinion below, see 154 Fed. 761.

Seth I. McCormick, for petitioner.

A. L. Cole, opposed.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The United States District Judge for the Middle District of Pennsylvania, sitting in the Circuit Court for that district, awarded a warrant of arrest under the Pennsylvania statute of July 12, 1842 (P. L. p. 339), in pursuance whereof George H. Crawford was committed to jail. The jurisdiction of the Circuit Court to do this being denied, we allowed a writ of habeas corpus, and upon its return the case thereby presented was argued by counsel, and having been duly considered by us, is now for adjudication. It should be promptly disposed of, and to avoid delay we will but briefly state the grounds of our decision.

The contention on behalf of the prisoner appears to be that authority was not given to the federal courts to issue the process which was issued in this instance, either by section 914, or 915, or 916 of the Revised Statutes [U. S. Comp. St. 1901, p. 684], and that, even if it had been, such authority would not presently exist, because, as is argued, the enactment by Congress of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) suspended the Pennsylvania act of July 12, 1842. Neither of these positions is tenable. A judgment had been recovered in a common-law cause, and the warrant of arrest, being a remedy provided by the state law "to reach the property of the judgment debtor," was, we

154 F.—49

think, plainly within section 916. The cases relied upon by the learned counsel of the prisoner are not in point. In Friedly v. Giddings et al., 119 Fed. 438, the court was dealing with a motion for an adjudication that; by reason of the character of. the cause of action, the defendants ought to be confined to jail, according to the statutes of the state. It was not dealing with a remedy upon a judgment, by execution or otherwise, to reach the property of the judgment debtor. The state statute under consideration in Curtis v. Feste, 6 Fed. Cas. 1004, Fed. Cas. No. 3,502, was in a very high degree penal. It did not provide a remedy to reach property, but made it "the duty of the court, in all cases described in it except one, upon conviction of the debtor, to sentence him to three years' imprisonment, and in the other case, to sentence him to the same term of imprisonment, with a condition that he should be discharged on payment of the debt."

The Pennsylvania statute of July 12, 1842, is not an insolvent law. The proceeding it provides is not designed to effect the distribution of the debtor's assets amongst his creditors. It is a proceeding in aid of execution. Its object is to reach property of a judgment debtor which he fraudulently conceals. The case of Commonwealth v. O'Hara, 6 Phila. 402 (cited for the prisoner), was decided by a Pennsylvania court of first instance, and the learned judge by whom that decision was rendered afterwards became a justice of the court of last resort of that state, and as such participated in its unanimous judgment in the case of Scully v. Kirkpatrick, 79 Pa. 324, 21 Am. Rep. 62. This adjudication, and others which need not be particularly referred to, accord with our present conclusion.

The order of this court is that George H. Crawford be remanded to the custody of the keeper of the common jail of Lycoming county, there to be detained in pursuance of and in accordance with the order of the Honorable R. W. Archbald, United States District Judge for the Middle District of Pennsylvania.

NOTE.—Motion for leave to file petition for a writ of habeas corpus denied 27 Sup. Ct. 795, 206 U. S. 561, 51 L. Ed. ——.