# CASES

ADJUDGED IN

## THE PREROGATIVE COURT

### OF THE STATE OF NEW-JERSEY,

### OCTOBER TERM, 1844.

---

In the matter of the Administration Bond of EDEN S. WEB-
STER, Administrator of JOHN S. WEBSTER, deceased.

The prerogative court will, in a summary manner, upon mere motion, inquire
into the validity of an order previously made by the ordinary for the prose-
cution of an administrator's bond.

The validity of the order cannot be inquired into by the court in which the
action is brought upon the bond.

The usual and proper practice on applications to the prerogative court, is to
proceed by petition, duly verified, setting forth the facts upon which the
application is founded; but the court will not, for the mere want of a peti-
tion, set aside an order otherwise regular.

It must appear that an order for the prosecution of an administrator's bond
was made at the request of a party aggrieved.

THIS was a motion to vacate an order made by the ordinary,
for leave to prosecute an administrator's bond. The order bore
date on the sixteenth of February, eighteen hundred and forty-
three, and was filed in the prerogative office on the tenth of June,
eighteen hundred and forty-four. The order was as follows:
"Upon the request of Felix Handequin, let the administra-
tion bond within named be prosecuted, and the moneys recov-

ered, applied in the manner directed by law." The only papers appearing to be on file with the order, are exemplified copies of the administrator's bond and oath of office, and a certificate of the surrogate of the county of Essex, that on the twenty-seventh of September, eighteen hundred and forty-one, Eden S. Webster, administrator of John S. Webster, deceased, filed in the office of the said surrogate, an inventory of the personal estate of the said intestate, amounting to the sum of one thousand six hundred and ninety-nine dollars and seven and a half cents, since which nothing appears of record in reference to the estate of the said John S. Webster, deceased.

The reasons relied on for vacating the order, appear in the opinion of the ordinary.

*Vroom*, for William Webster, the security on the bond, in support of the motion.

*R. Vanarsdale*, contra.

THE ORDINARY. This is an application upon notice, on behalf of William Webster, the security of Eden S. Webster, the administrator, to set aside the order for prosecution of the bond, made by the ordinary on the sixteenth of February, eighteen hundred and forty-three, for the reasons hereinafter mentioned.

On behalf of Felix Handsquin, upon whose request it is alleged the order was made, it is here objected that the court has no right in this summary manner, upon mere motion, to inquire into the validity of the order.

The granting of such order rests somewhat in discretion; so much so at least, that it cannot be assigned for error, nor made the subject of review in an appellate court.

Nor can it be inquired into by the court before which the action is brought upon the bond, further than to ascertain whether an order has in fact been made, and its terms complied with: *Dickerson* v. *Miller*, 1 *Green*, 3.

The order then must either be conclusive, although it may have been improvidently granted, or obtained upon false suggestion, or else it must be subject to inquiry before this court.

I am satisfied, therefore, that the inquiry should be made here, and that the mode proposed is as convenient and safe as any other.

The first reason assigned for setting aside the order is, that no petition was filed.

The proceedings in the prerogative court are after the manner of the civil and common law; and the usual practice is, to file a petition setting forth the facts upon which the application is founded, with proper verification. Such practice has been found very convenient and proper, and affords the party defendant, and others interested, an opportunity at all times of seeing upon what grounds and on whose behalf the bond is prosecuted. But I have found no rule so imperative, nor any practice so uniform and inveterate, that the judge of the court may not dispense with that form of application, provided sufficient reasons for the prosecution are substantially laid before him; nor am I willing, for the want of a mere form, to set aside the order.

Again, it is objected that the application was not verified.

It is true, there is no oath of the party, or other person, to be found among the proceedings; but there is an exemplification of the administration bond, with the certificate of the surrogate annexed, by which it appears that the bond was executed on the twenty-seventh of September, eighteen hundred and forty-one, and the inventory filed on the same day, from which time to the twenty-seventh of February, eighteen hundred and forty-three, the date of the certificate, there was nothing on record, or among the files of his office, in reference to the estate of the deceased.

The application must have been founded upon the fact, that the administrator had not made or caused to be made, "a just and true account of his administration within twelve calendar months" from the date of the bond; and the documents filed here are sufficient evidence of that fact. The court having

been satisfied that this was such forfeiture as subjected the obligors to the penalty of the bond, I cannot, for this reason, set aside the order.

The third objection, that no bond was filed to indemnify the ordinary against costs, could be overcome by filing such bond before any further proceedings be had in the suit.

The fourth reason for setting aside the order, is, that it does not appear that it was made at the request of any party aggrieved, and I think the reason is sufficient.

The ordinary cannot at his will, direct the prosecution of an administration bond. It can be done only "at the request of any party grieved by such forfeiture:" *Elmer's Dig.* 167, *sec.* 12.

The name of the party, and how he is aggrieved, should be made to appear on the original application for the order, or at least upon the hearing of the motion to set it aside.

It cannot be shown at the trial upon the bond. All that can be proved there is the execution of the bond and its forfeiture. The recovery is for the penalty, and by execution that amount may be brought into this court to be applied towards making good the damages sustained by not performing the condition of the bond, in such manner as the judge of the court shall, by his sentence or decree, direct. *Elmer's Dig.* 167 ; *Dickerson* v. *Robinson,* 1 *Halst.* 195 ; *Ordinary* v. *Hart,* 5 *Halst.* 68.

Unless, therefore, it be required to appear upon the application, *prima facie,* at least, that the party requiring the order for prosecution is aggrieved by the forfeiture, the administrator and his sureties are liable to be vexed with a prosecution at the suggestion of a party who may have no interest whatever in the estate ; and that, possibly, upon a mere technical forfeiture, where there may have been some unavoidable delay, but no injustice done to any.

It was alleged, indeed, upon the argument, that Handequin is a creditor, and had commenced his action at law against the administrator ; but this rests entirely in allegation, and

[In the matter of Webster's Administration Bond.]

the fact of his being a creditor is as confidently denied by the other party.

This is so important a fact to be presented and verified, that I feel constrained, for the want of it, to set aside the order.

Upon the argument another reason was assigned, not contained in the notice, namely, that the order was granted on the sixteenth of February, eighteen hundred and forty-three, and that the papers and order were not filed until the tenth of June, eighteen hundred and forty-four.

This may have greatly embarrassed the defendants in the suit, and has not been without some influence on my mind. The papers and order should have been filed immediately upon the granting of the order. And although no direction for filing is expressed in the order, yet it must be regarded as necessarily implied; and it may be questioned whether the party withholding the order for so long a time, has not waived it, or failed to comply with its terms.

Yet, as it is now actually on file, and as no prejudice appears to have arisen from the omission, I do not deem it necessary to put the question of vacating upon that point.

For the fourth reason, let the order to prosecute be set aside and vacated.

Order accordingly.