## Administration Bond of MARTIN L. GREEN.

The want of verification of the facts stated in a petition for leave to prosecute an administration bond is not a ground on which the Ordinary, at the instance of the obligors in the bond, will vacate the order for prosecution.

An order for the prosecution of an administration bond, founded on a petition stating that the administrator has not paid to the persons entitled thereto the balance found in his hands, will not be vacated on the ground that no decree of distribution had been made by the Orphans' Court.

The Ordinary's not requiring a bond of indemnity against costs, on granting an order to prosecute an administration bond, is not a reason for vacating the order.

*Semble:* That the distributee's not having tendered a refunding bond is not a reason for vacating an order for the prosecution of an administration bond.

The petition of Samuel A. Allen, Administrator, &c., of Lewis Green, deceased, sheweth, that on the 5th of January, 1848, administration of the personal estate of Lewis W. Green was granted to Martin L. Green; who gave bond as Administrator, with William Basset and Caleb Lippincott as his sureties, in $2,000, for the faithful performance of his duties as Administrator.

That the said Martin L. Green, as such Administrator, at the November term, 1849, of the Orphans' Court of Salem, settled the estate of said Lewis W. Green ; and that on such final settlement a balance of $528.66 1-2 was found in his hands as Administrator ; and that said final settlement was then allowed and decreed by the said Orphans' Court.

That Administration of the personal estate of Lewis Green, deceased, was granted to the petitioner, on the 6th June, 1850.

That said Lewis Green, deceased, in his life time, was the sole heir at law of the said Lewis W. Green, deceased.

That the said Martin L. Green, Administrator as aforesaid, did not within twelve calendar months from the date of his letters of Administration settle the estate of the said Lewis W. Green in the Orphans' Court of Salem ; and did not pay over to the said Lewis Green, in his life time, the said balance of

$528.66 1-2, or any part thereof; nor has he paid the said sum, or any part thereof, to the petitioner, Administrator as aforesaid, but wholly neglects and refuses to do so.

The petitioner prays leave to prosecute the said Administration bond of Martin L. Green and his sureties, and an order on the Surrogate of Salem to give to the petitioner a certified copy of the said Administration bond, for prosecution ; the Surrogate first taking from the petitioner security that the Ordinary shall be saved harmless from all costs.

This petition was signed " T. L. Smith, Proctor," and filed June 22, 1850 ; and was not sworn to. On the same day an order was made by the Ordinary, reciting the allegations of the petition, and ordering that the said Samuel A. Allen, Administrator, &c., of Lewis Green, deceased, have leave to prosecute the said Administration bond ; and that the Surrogate of Salem do give to the said Allen, Administrator as aforesaid, a certified copy of the said bond for prosecution ; the said Surrogate first taking from the said Allen security that the Ordinary shall be saved harmless from all costs and fees in and about the said prosecution.

On the 13th January, 1851, a notice, signed " F. L. Macculloch, Proctor for Martin L. Green, William Basset and Caleb Lippincott," addressed to Thomas L. Smith, Esq., Proctor of Samuel A. Allen, Esq., Administrator, &c., was given, that an application would be made to the Ordinary, on the 3d January, 1851, to vacate the said order, for the following reasons :

1st, Because the petition for the said order is not verified by affidavit or proof.

2d, Because the said petition does not specify and set forth matters sufficient to obtain such an order.

3d, Because there was no proof that Martin L. Green ever was such Administrator as in said petition stated, or that he ever filed such an account as is therein set forth, or ever had any balance or surplus as therein specified.

4th, Because it is not set forth or proved, how and in what right Lewis Green was the sole heir of Lewis W. Green, deceased, and entitled to have said balance.

5th, Because there is no evidence or proof that the said petitioner was Administrator, &c., of said Lewis Green.

6th, Because there is no proof that Martin L. Green did not within twelve calendar months from the date of his Administration settle the estate of the said Lewis W. Green in the Orphans' Court of Salem, or how or in what manner the said petitioner was injured or aggrieved if the said estate was not settled within the said time.

7th, Because it does not appear that the said Samuel A. Allen, as Administrator, &c., of the said Lewis Green, deceased, was legally entitled to receive the pretended balance of $528.66 1-2; or that any decree of distribution was made thereof by the Orphans' Court of Salem; or that any refunding bond was ever executed therefor and presented to the said Martin L. Green.

8th, Because the said order was not made at the request of any party aggrieved by the forfeiture of said Administration bond.

9th, Because no bond has been filed according to law to indemnify and save harmless the Ordinary.

10th, Because the petition, order and proceedings are in divers other respects uncertain, insufficient and erroneous.

A motion to vacate the said order of the Ordinary was made, pursuant to the said notice.

*F. L. Macculloch*, in support of the motion, cited 3 *Green's Rep.* 92; *Rev. Stat.* 355; 1 *Green's Rep.* 3; 3 *Ib.* 561; 1 *Halst. Ch. Rep.* 59.

*S. A. Allen* contra.

THE ORDINARY. The condition of an Administration bond is, that the Administrator exhibit an Inventory in six calendar months from the date of the bond; and well and truly administer the personal estate according to law; and make a true account of his administration in twelve calendar months from the date of the bond; and deliver and pay all the residue of the personal

estate which shall be found remaining upon the account of the administration, the said account being first allowed by the Orphans' Court, to such person or persons as shall by law be entitled to receive the same.

The "act concerning executors, and the administration, and distribution of intestates' estates," provides, that, in case any Administration bond shall become forfeited, it shall be lawful for the Ordinary to cause the same to be prosecuted, at the request of any party grieved by such forfeiture; and that the monies recovered upon such bond shall be applied towards making good the damages sustained by the not performing the said condition, in such manner as the Judge of the Prerogative Court shall by his sentence or decree direct. And that it shall be lawful for the Judges of the Orphans' Court of the County, &c., after the administrator shall have legally accounted, to order an equal distribution of what shall remain, after paying debts and expenses, among, &c., or to the next of kindred to the intestate in equal degree ; and the same distribution to decree and settle ; and the persons entitled to such distribution shall have their remedy at law, in case of non-payment, for the recovery of the same, against the Administrator so accounting : saving to every one supposing himself aggrieved his right of appeal.

The petition on which the order was made for the prosecution of the Administration bond of Martin L. Green as Administrator of Lewis W. Green states, that Lewis Green, since deceased, was the sole heir at law of the intestate, Lewis W. Green ; and that the petitioner is the Administrator, &c., of the said Lewis Green. That the Administration bond of the said Martin L. Green is dated January 5, 1848. That said Martin L. Green did not within twelve calendar months settle his administration accounts in the Orphans' Court. That, in November, 1849, he settled his administration accounts ; and that thereupon a balance of $528.66 1-2 was found in his hands as such Administrator; and that he did not pay the said balance, or any part thereof, to the said Lewis Green, in his life time, nor has he paid the same, or any part thereof, to the petitioner, the Administrator, &c., of the said Lewis Green; but wholly neglects and

refuses to do so. Suit has been instituted on the bond in the Salem Circuit; and at the November term, 1850, of that Court, the defendants were ordered to plead in ten days. A motion is now made to vacate the order made, on the said petition, for the prosecution of the said Administration bond of Martin L. Green, on several grounds, above stated in the case. The motion is made in behalf of the Administrator and his sureties, the defendants in the suit at law. They do not deny any fact stated in the petition on which the order for prosecution was made.

All they say as to the facts stated in the petition is, that no proof was made of them to the Ordinary. The want of verification of the facts stated in the petition is not a ground for vacating, at the instance of the obligors in the bond, an order to prosecute the bond. 1 *Halst. Ch.* 97. This disposes of the first six reasons, and part of the seventh. Another part of the seventh reason is, that it does not appear that any decree of distribution was made by the Orphans' Court.

I do not understand that the Ordinary, on a petition for an order for the prosecution of an Administration bond, is to adjudicate that the bond has been forfeited. This would involve the necessity of calling all proper parties before him, and of putting the petitioner through the regular stages of a suit. The law Court before which the bond is to be prosecuted is the proper tribunal to decide whether the bond has been forfeited. I suppose it was in this view that the Court, in 1 *Halst. Ch. Rep.* 97, said, that no complaint could be made against an order to prosecute on the ground that no forfeiture was made to appear.

If the bond has not been forfeited, the plaintiff in the suit at law on the bond will fail. It would not be proper for the Ordinary, on a petition to prosecute an Administrator's bond for not paying a distributive share, to decide whether such a bond can or cannot be forfeited until the Orphans' Court make a decree for distribution. The question, also, whether an Administration bond can be prosecuted at law by a distributee without the offer of a refunding bond, is a question for the law Court.

As to the 9th and last reason; the Ordinary's not requiring a

bond of indemnity against costs, on granting the order to prosecute, is not a reason for vacating the order.    1 *Halst. Ch.* 97. But in this case a bond of indemnity was given, according to the order in that behalf made by the Ordinary.

Motion denied.