The Oreihary.
The statute (Nix. Dig. 257, § 12,) provides that in case any administration bond shall become forfeited, it shall be lawful for the Ordinary to cause the same to be prosecuted in any court of record at the request of any party grieved by such forfeiture. The facts stated in the petition show clearly a forfeiture of the bond by a breach of its conditions. A general creditor of the estate is a party grieved within the contemplation of the statute. ■ It is not 'necessary that he should establish his claim by a judgment. *495 Mo case has gone that length. Greenside v. Benson, 3 Atk. 248, and The Archbishop of Canterbury v. House, Cowp. 140, are direct authorities the other way. The right of the creditor to sue the administration bond, and the nature of the redress to which he is entitled, is very clearly stated by Kirkpatrick, Ch. J., in Dickerson, Ordinary, v. Robinson, 1 Halst. 195.
In the matter of the administration bond of Webster, 1 Halst. Ch. R. 89, the Ordinary, while intimating that, as a general rule, the prosecution of the administration bond should not be ordered except at the instance of a judgment creditor, admits that the rule is not to be uniformly adhered to, and that much will rest in the discretion of the Ordinary. The case now presented comes directly within the case supposed, which would constitute an exception to the general rule. The petitioner holds a note of the intestate, which was admitted by the administrator, and offers, therefore, the strongest prima facie evidence that he is a bona fide creditor and a party grieved within the contemplation of the statute. There was a great lapse of time between the grant of letters of administration and the death of the administrator without accounting. There has been a palpable conversion of the estate by the administrator to his own use, or a misappropriation of it, in violation of law.
Aside from these circumstances, all that can properly bo required is that the creditor should show a prima facie case of indebtedness on the part of the estate, and of a forfeiture of the bond by the administrator. It is the duty of the Ordinary to see that the bond is not prosecuted at the instance of a stranger, or for the purposes of vexation or oppression. Beyond this no possible good could result from throwing obstacles in the way of enforcing a remedy upon the order.
The petitioner is entitled to the order upon his giving the usual security.