Matter of the bond of GIDEON LEE, executor of the will of David Williamson Lee, deceased.

A resident of New York bequeathed certain property to the defendant and a third person, in trust, to pay the income thereof to A for life, and the principal to such person as A should by his will designate. The defendant alone proved that will, and executed the trust. A, by his will, appointed B, under the foregoing testamentary power, and the defendant, as A's executor, proved his will here, and as a nonresident gave the bond required by statute. *Rev. Sup. p. 778 § 8.* He filed an inventory of A's estate, but did not account within the time prescribed by law and the condition of his bond, and when cited to account by the orphans court, failed to obey. An order of that court for the prosecution of his bond was set aside, and the suit thereon stayed, because (1) by the admissions of counsel in the cause, it seems that defendant did appear before the orphans court and confer with the judges as to filing his account, although the record does not mention the fact; (2) because a litigation is pending in New York over A's will on the ground of his testamentary incapacity, and B is made a party thereto, and has answered; and (3) because defendant's sureties are financially responsible, and a judgment against them now for the amount of the bond would be vexatious and oppressive.

On May 4th, 1870, the will of Isabella Lee was admitted to probate by the surrogate of the county of New York. In and by this will the testatrix bequeathed one-third of her residuary estate to Gideon Lee and William C. Lee, in trust, to invest the same and pay the net income to David Williamson Lee during his life, and at his death to pay the principal to such person or persons as David Williamson Lee should by his will direct. On December 9th, 1876, David Williamson Lee made his will, by which he directed that the principal of the trust funds above mentioned should be paid to his wife, Virginia Van Rensselaer Lee. Gideon Lee alone took upon himself the trust under the will of Isabella Lee, and he also afterwards became the executor of the will of David Williamson Lee. He proved the will of David Williamson Lee on January 18th, 1886, before the surrogate of Essex county, in this state, and, being a non-resident, in pursuance of our statute (*Rev. Sup. p. 778 § 8*), gave bond to the ordinary.

On March 16th, 1886, he filed an inventory of the estate of David Williamson Lee in the office of the surrogate of Essex county, and included therein the interest in the estate of Isabella Lee, which he held as trustee, appraised at the sum of $28,350, subject to deductions for the incidental expenses of the trust. He failed to account within the time required by law and the condition of his bond, and when cited by the orphans court to do so failed to obey the citation. In behalf of Virginia Van Rensselaer Lee application was made to the ordinary to cause the executor's bond to be prosecuted upon the grounds that the executor had not accounted within the time required by law, and had failed to obey the citation to account. Upon this presentation of facts the desired order was made. It is now made to appear that the competency of David Williamson Lee to make the will by which he gave the principal of the trust fund to his wife is questioned, and that the executor, Gideon Lee, in his capacity as trustee under the will of Isabella Lee, has applied to the supreme court of the state of New York for direction as to whether he shall pay over the trust moneys in accordance with the direction and the will of David Wiliamson Lee, and that in the proceedings before the supreme court of New York, Virginia Van Rensselaer Lee is a party and has answered.

By the admissions of counsel it also appears that the executor, Gideon Lee, personally responded to the citation of the Essex county orphans court and conferred with the judges of that court upon the subject of filing his account, but that no record of such appearance was made. And it also appears that the executor's bondsmen are responsible, and that they are not seeking to divest themselves of their property. It is also suggested that if judgment shall be entered for the penalty of the bond—$40,000, that the lien of the judgment upon the property of the bondsmen will be vexatious and oppressive to them. Motion is now made to stay the suit upon the executor's bond.

*Mr. Hamilton Wallis,* for the motion.

*Mr. Theodore Runyon* and *Mr. James M. C. Morrow, contra.*

THE ORDINARY.

While it is lawful for the ordinary, in his discretion, at the instance of a party aggrieved, to direct the prosecution of an executor's bond in case the executor has not accounted within twelve calendar months as required by law, because such failure is a breach of the condition of the bond, it is not usual for him to do so, unless it shall appear that the delay has been contumacious or so continued as to work injury, and that some substantial good may be accomplished by the prosecution. In this case, the failure to account within the time required by law seemed to be contumacious, because of the apparent disregard of the citation of the orphans court. It now, however, appears that the executor responded in person to the citation, and advised with the court as to the propriety of filing his account before he should be instructed by the supreme court of New York as to his duty as trustee with reference to the trust moneys, and it has also been made to appear that no substantial end will be served by the entry of judgment upon the bond at this time, but, on the contrary, that such judgment will oppress and vex the bondsmen. *Webster's Case, 1 Hal. Ch. 89, 97,* Chancellor Halsted, sitting as ordinary and speaking of the prosecution of an administration bond for failure to account within one year, says: " On the application of a proper person, an order for the prosecution of an administration bond may be made on this ground, though the ordinary might not feel constrained in all cases to make it on this ground alone. Few estates are or can be settled within the year, and though the administrator might and ought to state an account within the year as far as he has gone (see *Archbishop of Canterbury* v. *Wills, 1 Salk. 316*), yet the omission to do this is not so serious a dereliction of duty as should constrain the ordinary in all cases to order a prosecution of the bond for that cause alone. In applications founded on that ground alone, the ordinary exercises his discretion. Great vexation and expense might be produced to little purpose by a prosecution for that cause alone."

In *Honnas's Case, 1 McCart. 493,* Chancellor Green says that

it is the duty of the ordinary to see that the bond is not prosecuted for the purposes of vexation and oppression.

In *Ordinary* v. *Poulson, 14 Vr. 33,* Chief-Justice Beasley speaks of the power to order the prosecution of the bond being within the discretion of the ordinary, and of circumstances which will control the exercise of that discretion so that the prosecution will not be ordered for a mere technical breach of the condition of the bond unaccompanied by substantial dereliction of duty.

Upon the entry of judgment in the suit upon the bond, the judgment will be for the penalty, and the ordinary will then ascertain the damages. In doing this, he will order the settlement of the executor's account in the orphans court (*Ordinary* v. *Snook, 5 Hal. 65; Ordinary* v. *Burcalow, 7 Vr. 15*), and, except in case of maladministration and consequent loss of assets, will not order the money to be brought in by the bondsmen. *Ordinary* v. *Poulson, 14 Vr. 33.*

In this case I think it would be vexatious and oppressive to the bondsmen to burden their properties with the lien of a judgment for $40,000 pending an accounting by the executor in the orphans court, and I will therefore, if the executor's account shall be filed with the surrogate of Essex county within three days, order that the prosecution of the bond be stayed. If the executor shall not proceed with his accounting with proper expedition and in a satisfactory manner, or if it shall be made to appear that the bondsmen are becoming irresponsible, I will allow the prosecution of the bond to continue to judgment.