By decree in this cause, dated December 11th, 1929, it was ordered, adjudged and decreed that John D. Van Doren execute a bond to the chancellor in the sum of $5,333.32, with surety, c., conditioned to secure to Mary L. Van Doren, in case she survived her husband (John D. Van Doren), the enjoyment after his decease and during her life, of a fund equal to one-third of the whole proceeds of the sale of the lands described in the petition; that upon the filing of said bond, approved, c., Alfred S. March, Esquire, a master of this court, execute and deliver to the purchaser a release and relinquishment in behalf of said Mary L. Van Doren of her inchoate right of dower in the lands and premises, c.
The present petition is filed at the foot of that decree and recites that the petitioner, John D. Van Doren, sold and conveyed the lands and premises mentioned; that the bond required by the decree was given, in which the Lloyds Casualty Company was surety; that since the sale of the said premises and the giving of the said bond, and on November 10th, 1930, Mary L. Van Doren departed this life; and petitioner, therefore, prayed that an order might be made permitting the petitioner to withdraw from the files the bond so given by him, and that it be surrendered up, for the reason that the condition proposed in the bond can never occur because the said Mary L. Van Doren died before her husband, *Page 245 
the petitioner. These facts are duly verified. And the fact is that no liability ever attached, none can, and therefore there never can be any breach of the bond.
In In re Harris, 101 N.J. Eq. 5, the chancellor decided that at the time of the discharge of a receiver the court will not vacate his bond, even by consent of the parties; that the surety is still liable for any default he may have committed during the administration of his trust, even if the same be after-discovered. And it was also held that after-discovered dereliction as a cause for suit is a contingency so remote as to be practically negligible, and that the surety company could properly charge off the liability on the account and consider it at an end; but that the court had no judicial power to arbitrarily terminate it.
Lest it be thought that the Harris Case applies to all cases in which bonds are given, I desire now to say that there is an exception to the rule that bonds cannot be discharged, and one certainly exists where no liability ever attached under a bond, which would make its obligation one which could not be breached. And the instant case is such a one.
In Carpenter v. Stevens (N.Y. 1834), 12 Wend. 589, it was observed that Lord Coke, in 1 Inst. 206, a.b., laid it down that where the condition of a bond or recognizance is possible at the time of the making of it, and before the same can be performed, it becomes impossible, by the act of God, or of the law, or of the obligee, there the obligation is saved — as if a man be bound by recognizance or bond, with condition that he shall appear at the next term in such a court, and before the day he dieth, the recognizance or obligation is saved.
In Falls v. Weissinger (1847), 11 Ala. [*]801, it was held that where a bill was filed to subject a slave to the payment of the complainant's demand, and the defendant executed a bond with surety, conditioned for his delivery if the complainant be successful, the death of the slave previous to the rendition of the decree, or an order requiring his delivery, absolved the obligors from a compliance with the condition. *Page 246 
In Scully v. Kirkpatrick (1875), 79 Pa. 324, it was held that in a suit on bond against the surety, evidence that the defendant had been stricken down by sickness at a distance from the place of hearing, so as to be prevented from appearing at the time fixed, that he appeared there as soon as he was able, after his recovery, was admissible; that if the condition of a bond becomes impossible by the act of God, the obligation is discharged; that when the act to be performed is of a purely personal character, which can be done only by the party himself, the act of God in producing sickness and insanity, as well as death, will excuse performance.
A pertinent case in our state is Allen v. Coxe (1823),7 N.J. Law 89, wherein the obligee at the time of the making of the bond agreed with the obligor that, in case the obligee should die before his (the obligee's) wife, then the entire bond should stand good, but, if the obligee should survive his wife, then so much of the bond as bound the obligor for the payment of interest on the bond should be void. And it was held that the agreement was a defeasance precluding a recovery by the obligee.
In the case at bar liability under the bond was always contingent upon the happening of a condition subsequent, which never happened and could never happen by reason of an act of God, and this effectually discharged the obligation of the bond and operated to make it no obligation of suretyship from the time of the happening of that act; and the bond was, consequently, discharged.
The case at bar is clearly to be distinguished from that of Inre Harris, 101 N.J. Eq. 5, and is an exception to the rule there laid down.
Let an order be entered discharging the bond in this case and surrendering it up to be canceled. *Page 247