The petitioner, William Wolf, a creditor of defendant, an insolvent corporation, in the sum of $12,435.15, which indebtedness was secured by two recorded chattel mortgages, one in the sum of $9,435.15 and the other in the sum of $3,000, prays to have the bond of the receiver appointed for the above-named defendant declared in default, and the *Page 400 
receiver's surety on said bond ordered to deposit with the court the sum of $5,000, the amount of said bond, because of the receiver's alleged breach of the condition of the bond whichinter alia is that if the receiver shall obey such orders as this court may from time to time make in relation to his trust and in all things well and truly fulfill and discharge the duties of his office as receiver, the obligation to be void, otherwise to remain in full force and virtue. It appears from the proofs herein and the file of papers in the above stated cause that on December 31st, 1928, an order was made and filed in conformity with the provisions of section 75 of the Corporation act requiring creditors of the defendant to present claims to the receiver within sixty days from the date of said order, or be excluded from the benefit of such dividends as thereafter made and declared from the proceeds of the effects of the defendant, and requiring the receiver within ten days from the date of said order to cause a proper advertisement thereof to be published in a newspaper therein named, and within the same time mail a notice of said order to the post office address of each of the defendant's creditors. The receiver failed to strictly comply with the requirement of said order. He did not mail a notice thereof to the petitioner notwithstanding at the time of the making of the order he and his solicitor were aware of the fact that the petitioner was not only a creditor of the defendant but that his debt was secured by the two chattel mortgages aforesaid. Noncompliance by the receiver with the requirement of said order is expressly conceded by receiver's counsel in a memorandum-brief submitted to the court herein wherein inter alia he says: "It is conceded that no notice was sent to Wolf." A verified petition filed in the above-stated cause May 6th, 1929, by the solicitor of the receiver, manifests that no copy or notice of the aforesaid order limiting creditors was mailed to the petitioner. On March 25th, 1929, upon application of the solicitor of the receiver, an order was made barring creditors who had not presented their claims and demands to the receiver within the time limited by the order of December 31st, 1928, from participating in the distribution of the *Page 401 
assets of the defendant. On May 6th, 1929, a final report was filed by the receiver and an order to show cause was made thereon returnable May 13th, 1929. On May 15th, 1929, an affidavit was filed showing the mailing of a copy of said order to certain creditors of the defendant named in said affidavit, but the affidavit does not show the mailing of a notice or copy of said order to the petitioner. On May 15th, 1929, an order was obtained by the receiver's solicitor authorizing distribution of the estate in the receiver's hands. On June 3d 1929, an order was made reciting that the receiver had filed a statement of distribution in accordance with the order of May 15th, 1929, and discharging the receiver "of and from all further liabilities as such receiver." The petitioner was not notified of the filing of the receiver's final account, nor of the order to show cause thereon, nor of the order of distribution.
It is urged in behalf of the receiver that notwithstanding the petitioner, a creditor of the defendant, was not furnished with a copy of either of the aforesaid orders, that Harry Joelson, referred to as petitioner's solicitor, had actual notice thereof. Said solicitor has filed an affidavit herein wherein he says: "At no time did I receive any notice of any kind whatsoever, particularly of an order limiting creditors, or of any notice of distribution." Inasmuch as the aforesaid order limiting creditors is based upon a statutory requirement (section 75 of the Corporation act), it is questionable indeed, as to whether the receiver was warranted in disregarding said order even though the petitioner as a creditor of the defendant may have been aware of the making therof. It is urged in behalf of the receiver that notwithstanding he did not obey the aforesaid orders of the court and in such respect did not comply with the condition of his bond, nevertheless, the petitioner was chargeable with knowledge of the activities of the receiver because of certain conferences and correspondence had between the solicitor of the receiver and the solicitor of the petitioner, and because of certain court proceedings with respect to petitioner's aforesaid mortgages referred to in affidavits filed. *Page 402 
It appears to me that the application of the petitioner to have the receiver's bond declared in default and the receiver's surety ordered to deposit with the clerk the amount of the bond, should not be granted, but inasmuch as the case as established herein against the receiver may reasonably be regarded as mootable, the petitioner should be afforded the privilege of instituting a suit at law against both the receiver and his surety in order that the merit of the controversy between the parties be judicially determined. I have in mind instances where an obligor named in certain kinds of bonds may be absolved from liability for failure to strictly comply with the requirements or conditions thereof. Some of such instances are mentioned by our chancellor in In reVan Doren, 108 N.J. Eq. 243. The case sub judice is readily distinguishable from applications for leave to sue on administrators' bonds, ne exeat bonds and injunction bonds. The petitioner would not be warranted in maintaining a suit against the receiver's surety in the first instance, as prayed by him, nor should he be obliged to first resort to a suit against the receiver and in the event of a recovery against him thereafter institute a suit against the receiver's surety. If the suit is maintainable it should be upon the bond and therefore against both the receiver and his surety, the obligors therein named. Multiplicity of suits is not favored and under present practice both the receiver and his surety may be joined as defendants in a suit based upon the receiver's bond. I refrain from determining herein the legal significance of the order discharging the receiver "of and from all further liabilities as such receiver." The case In re Harris, 101 N.J. Eq. 5, may or may not be regarded as applicable thereto. Determination thereof should be left to the law court. I have in mind that this court has ample jurisdiction and control of a receiver to require him to account to the court for dereliction of duty and breach of his trust, but, in my judgment, this court does not have any jurisdiction and control over the receiver's surety. The obligation of a surety on a receiver's bond is such as can be enforced only in a law court. I consider I should not express opinion herein as to the law *Page 403 
of the case or as to the liability or non-liability of the receiver and his surety in the premises. The controversy between the petitioner, and the receiver and his surety, is triable at law and the parties should be relegated to that forum. Leave to bring suit on the receiver's bond in a court of law will be granted upon the usual terms that it be at the expense of the petitioner, who shall give bond to the chancellor in the penal sum of one hundred and fifty dollars ($150), with good security, to be approved by Arthur S. Corbin, one of the special masters of this court, conditioned to indemnify and save the chancellor harmless from all costs in case the judgment of the law court should be for the defendant.