Application was made to Vice-Chancellor Fallon for leave to sue upon the bond of Emanuel Shavick, receiver, and Fidelity and Deposit Company of Maryland, surety on his bond, in the above-stated cause. The application was by William Wolf, a creditor of defendant corporation, and the vice-chancellor has advised an order granting leave to institute an action at law against the receiver and his surety on the receiver's bond filed in the above-stated cause, upon the usual terms that the suit be at the expense of the applicant, who shall indemnify the chancellor for costs in case the decision of the law court should be adverse to the claim prosecuted therein. Vice-Chancellor Fallon filed conclusions on the motion (reported in 108 N.J. Eq. 399), expressing the view, and advising the order, just mentioned. I concur with the result reached by the vice-chancellor that the case (which was heard on order to show cause) is one in which leave should be granted to sue at law. Ordinarily, I would sign the advised order without any deliverance, according to the doctrine so well enunciated by Chancellor Magie in Gregory v. Gregory, 67 N.J. Eq. 7. But the principle here involved is important. There is a paucity of reported decisions upon the subject in this court, and in signing the order advised by the vice-chancellor, which I have done, I am afforded an opportunity to state the course and practice of the court in this case, and generally, on applications for leave to sue upon receivers' bonds in like cases, as follows:
The statutory provision concerning the bond of a receiver, to be found in the Corporation act, is that every receiver shall, before acting, enter into such bond and comply with such terms as the court may prescribe. 2 Comp. Stat. p. 1644 § 67.
The form of an order appointing a receiver for an insolvent corporation is to be found in Dick. Ch. Prec. (Rev. ed.)535. *Page 441 
It provides with reference to the bond that the receiver, naming him, before entering upon his duties, shall take the oath prescribed by law, and give a bond to the chancellor of the State of New Jersey, in the sum of (blank) dollars, conditioned for the faithful performance of his duties, to be approved as to form and security thereof by (blank) one of the special masters of this court. This is the time-honored form, and the reference to a special master to approve the security is also of that character. Leave to sue upon such a bond, when given, should be directed to be in the name of the chancellor by his title of office only, as hereinafter stated.
There is no statute providing for leave to sue upon a receiver's bond, as there is in the Orphans Court act concerning the bonds of administrators, c., which is that in case any bond given by administrators, c., shall become forfeited, the ordinary may cause the same to be prosecuted in any court of record, at the request and expense of any party aggrieved by such forfeiture. 3 Comp. Stat. p. 3882 § 187.
When a court is clothed by statute with jurisdiction in a given matter, but the procedure is not prescribed, it will be in conformity to the course of the court in such like cases. In reForan, 85 N.J. Eq. 288, 289. Although there is no statutory provision for suit upon receiver's bond, nevertheless, the bond is conditioned for the performance of duty, and if that bond be forfeited by breach of condition, a cause for action thereon arises at common law, and in such case, the proceeding in chancery will be such as is consistent with the course of that court in like cases.
Now, the statute provides that in case of the breach of an administrator's bond application may be made to the ordinary by a party interested. In the Matter of Conrad Honnass, 14 N.J. Eq. 493,
it was held that a general creditor of an estate is a party grieved, in the contemplation of the statute, which provides that if an administration bond shall become forfeited, it shall be lawful for the ordinary to cause the same to be prosecuted at the request of any party grieved by such forfeiture. *Page 442 
In Ordinary v. Poulson, 43 N.J. Law 33, the supreme court, speaking by Chief Justice Beasley, said at page 36, that the power to decide when an administrator's bond may be put in suit is one of the prerogatives of the ordinary. The language of the act is: "In case any bond given by executors, administrators,c., shall become forfeited, the ordinary may cause the same to be prosecuted in any court of record, at the expense of any party grieved by such forfeiture;" and it is quite out of the question for the supreme court to arrogate the right to review the action of the ordinary taken under this authorization; and that the order to prosecute, made by that officer, must be taken in all collateral proceedings to be entirely conclusive.
As there is practically no difference in principle between an administrator's and a receiver's bond (both being given to secure the performance of duty), application for leave to sue upon receiver's bond should be made in conformity to the procedure which obtains in the case of an administrator's bond.
The chancellor, upon application by a proper party interested in the condition of a receiver's bond, may grant leave ex parte
for the prosecution of the obligation, if a prima facie case be made upon a petition and affidavits. See In the Matter of ConradHonnass, supra; In the Matter of Northampton County Savings Bank,32 N.J. Eq. 689. Or he may cause an order to show cause to be issued, to ascertain if there be apparent liability of the obligors to respond in a suit at law.
In order to obtain affirmative relief upon a bill or petition the pleading must be verified in extenso. See Giordano v.Asbury Park, c., Bank, 102 N.J. Eq. 64, and authorities therein cited.
In In the Matter of Northampton Savings Bank, supra, Runyon, ordinary, said: "After judgment on the bond, opportunity will be afforded to the administrators and their sureties to litigate the demand of the bank," meaning, doubtless, that the defendants would be heard on the question of the amount of the assessment of damages by the chancellor under the judgment recovered at law for the penalty. *Page 443 
But in no case does the chancellor decide the question of liability of obligors, as that is always open on the trial at law, where the defendants may plead and prove any legal defense which they have to the action. In chancery cases an appeal does not lie from orders which are wholly in the discretion of the chancellor, and which have no tendency to affect any right in litigation. 3 C.J. 458. Such is an order to show cause. And inCorn v. Kaplan, 103 N.J. Law 628 (at p. 631), the court of errors and appeals stated that the supreme court held that the granting or refusal of a rule to show cause was in the discretion of the court, and hence not appealable.
And in the case of Administration Bond of Martin L. Green,8 N.J. Eq. 550, Halsted, ordinary, said, at page 554, that he did not understand that, on a petition for an order for the prosecution of an administration bond he was to adjudicate that the bond had been forfeited. This would involve the necessity of calling all proper parties before him and of putting the petitioner through the regular stages of a suit; that the law court before which the bond is to be prosecuted is the proper tribunal to decide whether the bond has been forfeited.
In the case of Ball v. Chancellor, infra, this court was applied to to order the obligors to pay the money for which they were bounden into the court of chancery; but they, as respondents to an order to show cause, claimed that they were entitled to have a jury pass upon their liability, to which the petitioner assented, and an order was made for the prosecution of a suit at law. Besides, in the prerogative court all suits on the bonds of administrators, c., are by statute referable to a court of record, which has been construed to be a court of law by the sending of the cases to such for prosecution; and, by analogy, the situation of receivers' bonds is referable to the same category; and in Ball v. Chancellor, wherein a judgment of the supreme court was affirmed, the question of suit at law, while passed sub silentio, seems to have been recognized by the court of errors and appeals, as being the proper remedy for the parties aggrieved: which *Page 444 
I hold it is. If the bonds of administrators are legal obligations, enforceable in a court of law, so are the bonds of receivers. I repeat, there is no difference in principle; and the legislature, I think, passed only a declaratory statute when it enacted with reference to the bonds of administrators, c., that they should be suable in a court of record, which all the cases have regarded to be a court of law, and this amounts to such a construction.
I am aware that in Schreiber v. Schreiber, 85 N.J. Eq. 303,
the court of chancery dealt with the liability of the obligors upon a ne exeat bond and enforced it in chancery; but that case may be distinguished from the one at bar, and I think it should be, and that for the reasons given in the opinion of Vice-Chancellor Stevenson in the Schreiber Case.
In order that the chancellor shall grant leave to bring suit in a court of common law on a receiver's bond, the alleged breach must be a substantial one. In Lee's Case, 43 N.J. Eq. 172,
McGill, ordinary, said: "In Ordinary v. Poulson, 14 Vr. 33, Chief-Justice Beasley speaks of the power to order the prosecution of the bond being within the discretion of the ordinary, and of the circumstances which will control the exercise of that discretion so that the prosecution will not be ordered for a mere technical breach of the condition of the bond unaccompanied by substantial dereliction of duty." And in Lee'sCase, Ibid. 175, the ordinary said, at page 176: "The Revision of 1874 changes the language of the old statute from the words: `It shall and may be lawful for the ordinary or surrogate-general to cause the same to be prosecuted in any court of record,' to the words: `The ordinary may cause the same to be prosecuted in any court of record.' It is plainly the intent of the statute, evinced by its language, `may cause the same to be prosecuted,'c., that not only the commencement of an action upon the bond, but also the pursuit of that action, is left to the sound discretion of the ordinary. The ordinary does not assign the bond to the party aggrieved, but becomes himself plaintiff in a suit for the recovery of sufficient moneys, not only to pay the damages *Page 445 
which the breach of the bond has occasioned the party at whose instance he conducts the prosecution, but also the damages of all others who suffer by that breach. To this end the judgment is in his favor for the penalty of the bond. Not only the language of the statute, but its entire scope, places the whole prosecution of the bond within his discretion, and I think that when it shall be made to appear to him that such prosecution is oppressive, vexatious or to little purpose, or that for other sufficient reasons it shall not be proper or expedient to continue it, at the instance of the defendants he has the power to stay or discontinue the suit."
In Ordinary v. Snook, 10 N.J. Law 65, it is held that in an action on an administration bond, the judgment must be rendered for the penalty of the bond, and a court of law cannot assess damages upon it. And at page 67, that the assessment on administration bonds appertains by statute to the prerogative court. See, also, Ordinary v. Barcalow, 36 N.J. Law 15; Lee'sCase, 43 N.J. Eq. 172 (at p. 175); Ordinary v. Connolly,75 N.J. Eq. 521. And of course execution issues only to make the amount of the assessment.
The only reported case in New Jersey of a suit at law on receiver's bond, which I have found, is Ball v. The Chancellorof the State of New Jersey, 47 N.J. Law 125. This was a case in the court of errors and appeals, wherein a judgment of the supreme court in favor of the chancellor was inter alia
affirmed. The case says nothing about leave being given to bring the suit, but the chancery proceeding out of which it grew is mentioned in one of the briefs prefacing the opinion. It is: Inthe Matter of Union Bank of Jersey City, 37 N.J. Eq. 420.
An examination of those proceedings (Docket 7, p. 786), shows that on June 13th, 1884, a petition was filed by certain stockholders of the Union Bank of Jersey City, in which they prayed that an order might be made therein requiring the sureties on the receiver's bond each to pay into this court the sum of $10,000, being the amount for which each of them was bound by said bond, within such time as the court might *Page 446 
think proper. And on July 7th, 1884, after hearing on an order to show cause, it was adjudged that the then receiver of the Union Bank of Jersey City be authorized and empowered to institute suits at common law against the late receiver of the Union Bank and his sureties upon the bond given by him at the time of his appointment as such receiver. And this was a distinct adjudication by this court that the proper suit on such a bond was one at common law.
The suit was brought in the supreme court and those proceedings have been examined and disclose the fact that no mention was made of leave being given to bring the action, which doubtless was a defect and could have been taken advantage of on demurrer, but no such pleading was filed. The parties went to trial, which, as said, resulted in a verdict on the bond in favor of the chancellor.
Although these bonds run to the chancellor by his name of office, they are actually given for the benefit of creditors and stockholders of the defendant corporation, who are parties beneficially interested in the bond. The chancellor, therefore, is the nominal obligee, but for the benefit of the creditors and stockholders, who, though not actual, are substantial parties in interest in the covenant of the bond.
The chancellor's only duty in regard to a claim arising upon a receiver's bond is to grant leave to sue upon that bond in a court of law, upon application of a party interested therein and appearing to be aggrieved by a forfeiture thereof; which suit should be in the name of the chancellor by his title of office only, at the expense of the applicant, who must indemnify the chancellor against costs in case the judgment of the court of law should be adverse to the claim prosecuted. Such suit, if brought, should be in his official name, and he controls the action even to the extent of ordering a stay or discontinuance of the suit.
In Halsted, Ordinary, v. Fowler, 22 N.J. Law 48, the supreme court said that in a suit on a bond given to the ordinary by a guardian or administrator, it is not error to insert the name of the person who is ordinary as plaintiff, *Page 447 
before the words "The Ordinary," c., the name is mere surplusage, if correctly given, but it may in some cases embarrass the suit. The most correct and safe mode, however, is to bring the suit in such case in the name of the office alone,i.e., "The Ordinary of the State of New Jersey."
And in Chancellor v. Hoxsey, 41 N.J. Law 217, the supreme court held that a suit at law may be brought by the chancellor in his official name, on a bond given to him in his official capacity; and at page 218, that the chancellor for this purpose is regarded as a corporation sole. See, also, Chancellor v.Bell, 45 N.J. Eq. 538, 541. In Chancellor v. Hoxsey, Chief-Justice Beasley in his opinion refers to the bond as a "money bond." It was neither a receiver's nor an administrator's bond, but one given for a balance of money loaned on a bond for which a mortgage was given as security, as appears from the chancery records (Duryea v. Burhans, Docket 5, p. 631), and the decision is applicable only on the question of suit in the name of the chancellor by his title of office, and that he is in that respect a corporation sole.
And the chancellor should require the giving of indemnity to secure him for costs in case the judgment should be in favor of the defendants. In In re Webster's Administration Bond, 4 N.J. Eq. 558
(at p. 516), it is stated that no bond was filed to indemnify the ordinary against costs, and this could be overcome by filing such bond before any further proceedings be had in the suit.
That security should be in the form of a bond to be approved either by the chancellor or the vice-chancellor advising the order for leave to sue, or by a special master to be named in the order; or in lieu of a bond cash may be deposited, as in the case of costs on appeal.
Besides what is said above, one reason why the suit should only be in the name of the chancellor by his title of office is to avoid substitution of parties plaintiff. In case suit were brought in the name of the chancellor making the order and he should retire from office and another chancellor succeed him, a substitution of parties plaintiff would be required. *Page 448 
The order for leave to sue in the present case, advised by Vice-Chancellor Fallon, has been signed by the chancellor and lodged with the clerk for filing. Suit instituted upon it should aver that it is brought by leave of the court of chancery for that purpose first had and obtained, as by reference to the proceedings therefor in the cause depending in chancery wherein Bore Borden is complainant and Wolf Silk Company, Incorporated, is defendant, will more fully and at large appear.
The bond will neither be assigned nor delivered to the petitioner for the purpose of bringing suit, but a certified copy only. The orginal must remain on file in the court, but if required on a trial of the issue at law, it will be produced by the clerk (the custodian of the files and records), on a proper subpoena duces tecum directed and delivered to him. *Page 449