THE ORDINARY OF THE STATE OF NEW JERSEY, PLAINTIFF, v. DANIEL BASTIAN, MABEL HOGUE, LAURA COIA, DEFENDANTS.

Decided September 17, 1938.

For the plaintiff, *Nathaniel S. Hyman.*

For the defendant, *Martin Bloom.*

JAYNE, S. C. C.  This action is caused to be prosecuted by the Ordinary to establish the alleged forfeiture of the bond of an administrator. *Rev. Stat.* 1937, 3:8-20.  The complaint alleges the execution and delivery of the bond to the Ordinary by the defendants and exhibits as a part of the complaint a a true copy of the bond which, in form and substance, is identical with those commonly presented.  The breaches of the bond assigned are that the administrator has not administered the estate and has not made a just and true account. The present motion is made on behalf of the defendant Mabel Hogue, requesting the allowance of a rule striking out the entire complaint for the sole reason that "the complaint fails to set forth whether or not the person who has filed suit in the name of the Ordinary of the State of New Jersey is a creditor or a distributee."  It is not pretended that there is

an absence of an order by the Ordinary to put the bond in suit. Counsel assure me that there was such order, although the granting of such an order is not alleged in the complaint. The complaint is not challenged by reason of this omission. Nevertheless, cautious pleading in these cases recommends an averment that the action is brought by leave of the Ordinary for that purpose first had and obtained.

The pith of the argument in support of the motion seems to be that the complaint is insufficient in law unless it discloses that a party having an interest in the administration of the estate is aggrieved as a result of the particular breach assigned in the complaint. *Ordinary* v. *Cooley,* 30 *N. J. L.* 271, is adduced to substantiate this contention.

It is to be primarily recognized that under the statute the Ordinary does not assign the bond to an aggrieved party who thereafter institutes and prosecutes the action. The Ordinary becomes himself the plaintiff and the prosecution of the action continues to be under his discreet control. *Lee's Case,* 43 *N. J. Eq.* 175; *Borden* v. *Wolf Silk Co., Inc.,* 108 *Id.* 438; 155 *Atl. Rep.* 623.

*In the Matter of Conrad Honnass,* 14 *N. J. Eq.* 493, Chancellor Green, sitting as Ordinary, stated: "It is the duty of the Ordinary to see that the bond is not prosecuted at the instance of a stranger, or for the purpose of vexation or oppression." In *Ordinary* v. *Poulson,* 43 *N. J. L.* 33, Chief Justice Beasley remarked: "The surrogate-general is the plaintiff on this record, and it would be a strange thing for this court to say that although he has exhibited a legal cause of action in his declaration, he is here without right. The power to decide when an administrator's bond shall be put in suit is one of the prerogatives of the Ordinary."

This court is not concerned with the determination of the Ordinary to put the bond in suit. His decree upon that subject must be regarded here as conclusive. In the action at law, however, the complaint must necessarily allege facts which constitute a breach of the bond. It has been held that the failure to render an account, in due form of law, is a breach of an administrator's bond and may be assigned as

such in an action by the Ordinary. *Dickerson* v. *Robinson,* 6 *N. J. L.* 195; *Ordinary* v. *Snook,* 10 *Id.* 65; *Ordinary* v. *Barcalow,* 36 *Id.* 15. Likewise the failure to administer the estate is a breach which may be assigned in an action on the bond. *Ordinary* v. *Cooley, supra.*

It is interesting to notice that in the Cooley case the declaration, like this complaint, failed to disclose whether the action was prosecuted at the instance of creditors or distributees. The judgment on the demurrer rested upon the conclusion that in the light of the undisputed facts expressed in the pleadings either, in the one event, the plea constituted a positive defense or, in the other event, there was no breach of the bond. The complaint at hand seems to present an incident quite converse to the circumstance in the Cooley case. Here the complaint alleges a breach of the obligation to administer the estate which is a condition of the bond designed for the security of creditors and also assigns a breach of the duty to render an account which is a condition to secure the rights of persons entitled to share in the residue after payment of debts. Thus it may be said that whether the interest of the person at whose request this action is instituted is that of a creditor or distributee, the complaint alleges the breach of at least one condition for his security. This idea nevertheless ignores the veritable and salutary object of pleadings. All pleadings should be such as to ultimately educe the actual controversial issue.

Moreover, this defendant is not the administrator and she is responsible only in case her principal has committed a breach of the bond. In actions of this purpose, the bond is sought to be forfeited to protect or secure the rights of some party who has, *ex parte,* represented to the Ordinary that he or she is aggrieved. Injury and loss resulting from the breach of the bond to one whose interest in the estate entitles such party to complain sets up the justification for the demand for indemnity. These facts become significant at the trial and therefore preferably should be pleaded to the end that it may be initially disclosed in virtue of what right the party claims to be aggrieved.

In the present aspect of this case, it seems discreet to afford the attorney for the plaintiff an opportunity to promptly amend the complaint. The final disposition of the present motion will be deferred with that aim in view.

It is also observed that in the present complaint breaches of two conditions of the bond are alleged in the one count. At common law the plaintiff could not assign more than one breach in the same count and to have done so rendered the declaration bad for duplicity.